IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MILLENNIUM PHARMACY SYS., LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-3467 |
| ALICE OPERATOR, LLC, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's motion to dismiss Counts II, III, and IV of Plaintiff's complaint for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) The motion has been briefed (ECF Nos. 17 & 22), and no hearing is required, Local Rule 105.6 (D. Md. 2016). The motion will be denied.

*I. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. *Allegations of the Complaint*

Plaintiff Millennium Pharmacy Systems, LLC, formerly known as Millennium Pharmacy Systems, Inc., doing business as PharMerica ("PharMerica"), sued Alice Operator, LLC, doing business as Autumn Lake Healthcare at Alice Manor, also known as Alice Manor Nursing Home ("Alice Manor"). (Compl., ECF No. 1.) PharMerica alleges it entered into an agreement on or about September 1, 2014, with Alice Manor whereby PharMerica would provide Alice Manor's residents with pharmacy-related goods and services in exchange for compensation. (*Id.* ¶ 10.) In keeping with the agreement, Alice Manor periodically submitted written orders to PharMerica, which PharMerica filled by delivery to Alice Manor, which, in turn, signed receipts for delivery of the goods and services and retained them for use by Alice Manor's residents. (*Id.* ¶ 11.)

Prices listed on PharMerica's invoices to Alice Manor were consistent with the agreement's provisions regarding pricing. (*Id.* ¶ 12.) In Section 2(c)(ii) of the agreement, the invoices were to be paid within sixty days of the billing date and to accrue interest at the rate of 1.5% per month on unpaid amounts. (*Id.* ¶ 13.) According to Section 4(d), Alice Manor could not terminate the agreement unless it was current in its payment obligations to PharMerica. (*Id.* ¶¶ 14-15.) PharMerica received a notice of nonrenewal of the agreement from Alice Manor dated June 27, 2016. (*Id.* ¶ 16.) PharMerica alleges the notice was void because, at the time, Alice Manor owed payments to PharMerica outside of the sixty-day payment window. (*Id.* ¶ 17.) PharMerica made repeated demands for payment from Alice Manor and held conferences

2

with Alice Manor regarding amounts outstanding, but despite Alice Manor's repeated promises to pay PharMerica, Alice Manor failed to pay for all of the goods and services provided by PharMerica. (*Id.* ¶ 20.) PharMerica relied upon Alice Manor's promises to pay in PharMerica's continuing to provide goods and services to Alice Manor's residents. (*Id.* ¶ 24.) Upon PharMerica's information and belief, Alice Manor has been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica, thereby conferring a benefit upon Alice Manor to PharMerica's detriment. (*Id.* ¶ 25.)

## III. Analysis

PharMerica has included four counts in its complaint. Count I is labeled "Breach of Contract"; Count II is labeled "Improper Termination"; Count III is labeled "Unjust Enrichment / Constructive Trust"; and Count IV is labeled "Promissory Estoppel." Alice Manor argues that improper termination is not a valid cause of action; thus, Count II should be dismissed. Alice Manor also argues that Counts III and IV are quasicontractual claims and PharMerica is not allowed to assert them because PharMerica has alleged a contract governs the parties' relationship. Alice Manor's arguments are unmeritorious and border on frivolousness.

Whatever the label is for Count II, it is clear that the content of Count II is a claim of breach of contract. The breach-of-contract claim in Count I is based on Alice Manor's failure to pay amounts it agreed to pay under the agreement with PharMerica. In contrast, the breach-of-contract claim in Count II is premised upon Alice Manor's allegedly improper termination of the agreement. The measure of damages in Count I is the amount of the outstanding debt, plus interest, costs, and attorney's fees incurred in collecting the debt. The measure of damages in Count II is lost profits. The two counts rest on different conceptual grounds, even though both sound in contract, and it is reasonable for PharMerica to pursue these

3

two theories in different counts. No authority cited by Alice Manor requires that both theories be combined in one count. After all, a plaintiff is the master of its complaint, and it is free to combine theories or not as it deems expedient. *See* Rule 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

As for Counts III and IV, although it is well accepted in Maryland that a plaintiff may not recover damages under a quasicontractual theory such as unjust enrichment or promissory estoppel if a contract governs the parties' relations, *Janusz v. Gilliam*, 947 A.2d 560, 568 (Md. 2008),[1] it is also true that a plaintiff may plead alternative, even inconsistent, theories of relief in a complaint, *see* Rule 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). At this early stage of the case, no basis exists for dismissing alternative theories. Later, at the judgment stage, and presuming the agreement between the parties is proven valid and also presuming that the quasicontractual claims are indistinct from the contractual ones, then the quasicontractual claims can be dismissed. Until then, PharMerica is entitled to proceed on alternative theories.

Alice Manor also contends that PharMerica's Counts III and IV are deficient because PharMerica "fails to plead in [*sic*] its quasi-contractual clams [*sic*] under an alternative theory," thereby suggesting some sort of technical pleading rule that requires a plaintiff to expressly state it is pleading alternative theories. Alice Manor cites no authority for such a technical rule of pleading, and the Court knows of none.

---

[1] Even so, the *Janusz v. Gilliam* opinion also observed that an exception to that rule lies where a breach of contract has occurred. 947 A.2d at 568.

*IV. Conclusion*

Alice Manor's motion to dismiss has no merit. Accordingly, the motion (ECF No. 16) is DENIED. Alice Manor shall answer in the time required by Rule 12(a)(4)(A).

DATED this 18th day of April, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge